# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

     **Plaintiff,**

     **v.**                 **CASE NO.  19-3106-SAC**

SHEA CARPENTER,  et al.,

     **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Jason Alan Justice is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I.  Nature of the Matter before the Court

Plaintiff's Complaint takes issue with summonses issued in his state criminal case in Sedgwick County, Kansas, Case No. 2016-CR-2867.  Plaintiff claims that DHS summonses were improperly used to obtain phone records instead of a search warrant.  Plaintiff claims that the detective referred to the summons as a subpoena during the preliminary hearing, misleading the court into believing it was a legal instrument used to legally acquire such phone records with the approval of a judge or magistrate.  Plaintiff names as Defendants a Wichita Police Department Detective; four agents with the Department of Homeland Security, ICE Division; and the Sedgwick County Assistant District Attorney.  Plaintiff requests the assignment of a Special Prosecutor to prosecute Defendants.  (Doc. 1, at 2.)

Plaintiff alleges that pursuant to his Complaint he is bringing formal criminal charges against Defendants and he asks the Court to send his Complaint to a Special Prosecutor and have

the United States Government represent Plaintiff as the "victim-in-fact." (Doc. 1–1.) Plaintiff further requests "no delay" and states that he will not "as the victim of the enumerated crimes – allow any plea negotiations for any reduced sentences by any of the Defendants." *Id.*

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]

to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### A. Attempt to Bring Criminal Charges

Plaintiff seeks to bring criminal charges against the Defendants and asks the Court to appoint a Special Prosecutor to prosecute them. This Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"). The powers and duties of special grand juries are set forth in 18 U.S.C. § 3332. Section 3332 does not create a private right of action. Private rights of action to enforce federal law must be created by Congress, and courts look to whether the text of the statute itself clearly "display[s] congressional intent to create new rights." *Morales v. U.S. Dist. Court for Southern Dist. of Florida*, 580 F. App'x 881, 886 (11th Cir. 2014) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286, 289 (2001)). "And Congress must 'display[ ] an intent to create not just a private right but also a private remedy." *Id.* (citing *Alexander*, 532 U.S. at 286).

The court in *Morales* held that there is no "rights-creating" language in § 3332(a), and even if the language "arguably implies some potential duty owed on the part of the U.S. Attorney to present information to a special grand jury, that is not a duty owed to Morales individually." *Id.* (citing *Alexander*, 532 U.S. at 289) ("Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."); *see also Hantzis v. Grantland,* 772 F.Supp.2d 1, 3 (D. D.C. 2009) ("no private right of action is available" under § 3332(a)); *Lundy v. United States,* No. 07–1008, 2007 WL 4556702, at *2 (C.D. Ill. Dec. 21, 2007), *corrected on other grounds,* No. 07–1008, 2008 WL 2510172 (C.D. Ill. June 19, 2008) ("§ 3332(a) does not confer a private right of action"); *Bryant*

*v. Fienberg,* No. 206–CV–13849, 2006 WL 2924744, at *2 (E.D. Mich. Oct. 10, 2006) (the "plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute"); *see also Walters v. Vallani,* No. 2:09-CV-00505-KJD-GWF, 2010 WL 597086, at *7 (D. Nev. Feb.16, 2010) (decision regarding what charge to file or bring before a grand jury is that of the prosecutor, not the court); *Arnett v. Unknown*, No. CV 11-5896-JAK(E), 2011 WL 4346329, at *6 (C.D. Cal. Aug. 23, 2011) ("Section 3332(a) contains no "clear and unambiguous" statement conferring a private right of action on an individual to present evidence to a special grand jury or to compel a United States Attorney to do so"). Plaintiff's request to bring criminal charges against Defendants is subject to dismissal.

**B. Heck Bar and Habeas Nature of Claim**

To the extent Plaintiff challenges the validity of any sentence or conviction in Case No. 2016-CR-2867, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a

federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated. An online Kansas District Court Records Search shows that Plaintiff was found guilty after a jury trial. *See State v. Justice*, Case No. 2016-CR-2867, Sedgwick County District Court. Plaintiff voluntarily dismissed his appeal of his criminal case on May 13, 2019. *See State v. Justice*, No. 118791 (Kan. Ct. App.). Therefore, any request for monetary damages is premature under *Heck*.

## IV. Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for

the reasons stated herein. The failure to file a timely response may result in dismissal of this action without further notice.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **August 9, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 16th day of July, 2019.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**