IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON ALAN JUSTICE,

    Plaintiff,

    v.                                    CASE NO. 19-3106-SAC

SHEA CARPENTER, et al.,

    Defendants.

## MEMORANDUM AND ORDER

    Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. Plaintiff seeks to bring criminal charges against the Defendants and asks the Court to appoint a Special Prosecutor to prosecute them. On July 16, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until August 9, 2019, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. Plaintiff filed a Response (Doc. 6), and an Affidavit of Prejudice for Judicial Recusal (Doc. 7) and Memorandum in Support of Judicial Recusal (Doc. 8).

    Plaintiff's request for recusal is denied. Plaintiff argues that the undersigned should recuse in this case because the undersigned recused in *Justice v. Kansas*, 16-3215-DDC-TJJ. However, in that case, the Court found that Plaintiff "[did] not offer good grounds for the undersigned judge to recuse," but directed reassignment of the case "for reasons other than those stated in plaintiff's motion." Case No. 16-3216-DDC-TJJ at Doc. 20. Next, Plaintiff argues that the case law cited in this Court's MOSC is not applicable because this case is a "Criminal Complaint" and *Heck v. Humphrey*, has been overruled. (Doc. 7, at 1.) Lastly, Plaintiff argues that the undersigned fails to appreciate Plaintiff's presentation of facts, and therefore acts without

1

jurisdiction. *Id*. at 2. Plaintiff's Memorandum in Support of Judicial Recusal (Doc. 8) sets forth arguments regarding Plaintiff's disagreement with the Court's reasoning in the MOSC.

There are two statutes governing judicial recusal, 28 U.S.C. §§ 144 and 455. *Burleson v. Spring PCS Group*, 123 F. App'x 957, 959 (10th Cir. 2005). For recusal under § 144, the moving party must submit an affidavit showing bias and prejudice. *Id*. (citing *Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988)). The bias and prejudice must be personal, extrajudicial, and identified by "facts of time, place, persons, occasions, and circumstances." *Id*. at 960 (quoting *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)). These facts will be accepted as true, but they must be more than conclusions, rumors, beliefs, and opinions. *Id*. Without an affidavit showing bias or prejudice and proper identification of events indicating a personal and extrajudicial bias, Plaintiff does not support a request for recusal under 28 U.S.C. § 144.

Under 28 U.S.C. § 455(a) and (b)(1) a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or if "he has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a) and (b)(1). Section (b)(1) is subjective and contains the "extrajudicial source" limitation. *See Liteky v. United States*, 510 U.S. 540 (1994). Recusal may be appropriate "when a judge's decisions, opinions, or remarks stem from an extrajudicial source—a source outside the judicial proceedings." *United States v. Nickl*, 427 F.3d 1286, 1298 (10th Cir. 2005) (citing *Liteky*, 510 U.S. at 554–55). Recusal is also necessary when a judge's actions or comments "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. (quoting *Liteky*, 510 U.S. at 555).

Section 455(a) has a broader reach than subsection (b) and the standard is not subjective, but rather objective. *See Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995) (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 858 n.7 (1988) and *Liteky*, 510 U.S. at 548). The

factual allegations need not be taken as true, and the test is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 350–51 (quoting *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)); *Burleson*, 123 F. App'x at 960. A judge has a "'continuing duty to ask himself what a reasonable person, knowing all of the relevant facts, would think about his impartiality.'" *United States v. Greenspan*, 26 F.3d 1001, 1005 (10th Cir. 1994) (quoting *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)). "The goal of section 455(a) is to avoid even the appearance of partiality." *Liljeberg*, 486 U.S. at 860.

The initial inquiry—whether a reasonable factual basis exists for questioning the judge's impartiality—is limited to outward manifestations and the reasonable inferences to be drawn from those manifestations. *Nichols*, 71 F.3d at 351 (citing *Cooley*, 1 F.3d at 993). "[T]he judge's actual state of mind, purity or heart, incorruptibility, or lack of partiality are not the issue." *Id.* (quoting *Cooley*, 1 F.3d at 993). "The trial judge must recuse himself when there is the appearance of bias, regardless of whether there is actual bias." *Bryce v. Episcopal Church of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols*, 71 F.3d at 350).

The Tenth Circuit has cautioned that "section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *Cooley*, 1 F.3d at 993 (quoting *Franks v. Nimmo*, 796 F.2d 1230, 1234 (10th Cir. 1986)). A judge has "as much obligation . . . not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1351 (10th Cir. 1996) (quotation omitted); *Greenspan*, 26 F.3d at 1005 (citation omitted). Judges have a duty to sit when there is no legitimate reason to recuse. *Bryce*, 289 F.3d at 659; *Nichols*, 71 F.3d at 351. Courts must

3

exercise caution in considering motions for recusal in order to discourage their use for judge shopping or delay. *Nichols*, 71 F.3d at 351 (noting that § 455(a) is not "intended to bestow veto power over judges or to be used as a judge shopping device"); *Cooley*, 1 F.3d at 993 (noting that Congress was concerned that § 455(a) might be abused as a judge-shopping device).

The Supreme Court has explained that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. When no extrajudicial source is relied upon as a ground for recusal, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

The Court finds that no reasonable person would believe that the undersigned's previous rulings implicate the level of "deep-seated favoritism or antagonism" that would make recusal proper. Knowing all of the relevant facts, no reasonable person could harbor doubts about the undersigned's impartiality. Because the undersigned has a duty to sit and hear this case where there is no legitimate reason for recusal, Plaintiff's request for the undersigned to recuse is denied.

The Court also finds that Plaintiff's Response (Doc. 6) fails to show good cause why his Complaint should not be dismissed. Plaintiff's Complaint takes issue with summonses issued in his state criminal case in Sedgwick County, Kansas, Case No. 2016-CR-2867. Plaintiff claims that DHS summonses were improperly used to obtain phone records instead of a search warrant. Plaintiff claims that the detective referred to the summons as a subpoena during the preliminary hearing, misleading the court into believing it was a legal instrument used to legally acquire such phone records with the approval of a judge or magistrate. Plaintiff names as Defendants a

Wichita Police Department Detective; four agents with the Department of Homeland Security, ICE Division; and the Sedgwick County Assistant District Attorney. Plaintiff requests the assignment of a Special Prosecutor to prosecute Defendants. (Doc. 1, at 2.)

Plaintiff alleges that pursuant to his Complaint he is bringing formal criminal charges against Defendants and he asks the Court to send his Complaint to a Special Prosecutor and have the United States Government represent Plaintiff as the "victim-in-fact." (Doc. 1–1.) Plaintiff further requests "no delay" and states that he will not "as the victim of the enumerated crimes – allow any plea negotiations for any reduced sentences by any of the Defendants." *Id*.

In the MOSC, the Court found that Plaintiff's request to bring criminal charges against Defendants is subject to dismissal because this Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"). The powers and duties of special grand juries are set forth in 18 U.S.C. § 3332. Section 3332 does not create a private right of action. Private rights of action to enforce federal law must be created by Congress, and courts look to whether the text of the statute itself clearly "display[s] congressional intent to create new rights." *Morales v. U.S. Dist. Court for Southern Dist. of Florida*, 580 F. App'x 881, 886 (11th Cir. 2014) (citing *Alexander v. Sandoval*, 532 U.S. 275, 286, 289 (2001)). "And Congress must 'display[ ] an intent to create not just a private right but also a private remedy." *Id*. (citing *Alexander*, 532 U.S. at 286).

The court in *Morales* held that there is no "rights-creating" language in § 3332(a), and even if the language "arguably implies some potential duty owed on the part of the U.S. Attorney to present information to a special grand jury, that is not a duty owed to Morales individually."

5

*Id*. (citing *Alexander*, 532 U.S. at 289) ("Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."); *see also Hantzis v. Grantland,* 772 F.Supp.2d 1, 3 (D. D.C. 2009) ("no private right of action is available" under § 3332(a)); *Lundy v. United States,* No. 07–1008, 2007 WL 4556702, at *2 (C.D. Ill. Dec. 21, 2007), *corrected on other grounds,* No. 07–1008, 2008 WL 2510172 (C.D. Ill. June 19, 2008) ("§ 3332(a) does not confer a private right of action"); *Bryant v. Fienberg,* No. 206–CV–13849, 2006 WL 2924744, at *2 (E.D. Mich. Oct. 10, 2006) (the "plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute"); *see also Walters v. Vallani,* No. 2:09-CV-00505-KJD-GWF, 2010 WL 597086, at *7 (D. Nev. Feb.16, 2010) (decision regarding what charge to file or bring before a grand jury is that of the prosecutor, not the court); *Arnett v. Unknown*, No. CV 11-5896-JAK(E), 2011 WL 4346329, at *6 (C.D. Cal. Aug. 23, 2011) ("Section 3332(a) contains no "clear and unambiguous" statement conferring a private right of action on an individual to present evidence to a special grand jury or to compel a United States Attorney to do so").

In his Response, Plaintiff asks the Court to consider his "absolute right to prosecute," and states that he is "not requiring this court to recognize [his] right to BE the Prosecutor . . . merely that [he] have the right should [he] choose to do so . . . yet [he] is OPTING to have a United States Attorney Prosecute . . . on [his] behalf." (Doc. 6, at 1.) Plaintiff then cites procedures for bringing a criminal action in Kansas state district court and through the county attorney. *Id*.; *see also* Doc. 8, at 1 (citing K.S.A. § 22-2301 and stating that he is "unaware of an equivalent Federal Statute"). Plaintiff's Response fails to address any of the deficiencies set forth in the MOSC.

The Court also found in the MOSC that to the extent Plaintiff challenges the validity of

any sentence or conviction in Case No. 2016-CR-2867, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck,* 512 U.S. at 482; *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982); Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck v. Humphrey*, 512 U.S. 477 (1994). If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that the conviction or sentence has been invalidated. An online Kansas District Court Records Search shows that Plaintiff was found guilty after a jury trial. *See State v. Justice*, Case No. 2016-CR-2867, Sedgwick County District Court. Plaintiff voluntarily dismissed his appeal of his criminal case on May 13, 2019. *See State v. Justice*, No. 118791 (Kan. Ct. App.). Therefore, any request for monetary damages is premature under *Heck*.

Plaintiff has failed to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.

**IT IS THEREFORE ORDERED THAT** Plaintiff's request for recusal is **denied.**

**IT IS FURTHER ORDERED THAT** this case is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 17th day of September, 2019.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**