## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JASON ALAN JUSTICE,**

    **Plaintiff,**

    **v.**                                          **CASE NO. 19-3106-SAC**

**SHEA CARPENTER, et al.,**

    **Defendants.**

### ORDER

This matter is before the court on Plaintiff's motion for writ of void judgment and writ of quo warranto (Doc. 12). Plaintiff brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, seeking to bring criminal charges against the Defendants and asking the Court to appoint a Special Prosecutor to prosecute them. On July 16, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until August 9, 2019, to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. In the MOSC, the Court found that Plaintiff's request to bring criminal charges against Defendants is subject to dismissal because this Court cannot order the initiation of criminal charges, which is a decision within the discretion of prosecuting attorneys. *See Presley v. Presley*, 102 F. App'x 636, 636–37 (10th Cir. 2004) (holding that a court order for "investigation and prosecution of various people for various crimes" would "improperly intrude upon the separation of powers"). The powers and duties of special grand juries are set forth in 18 U.S.C. § 3332. Section 3332 does not create a private right of action. Private rights of action to enforce federal law must be created by Congress, and courts look to whether the text of the statute itself clearly "display[s] congressional intent to create new rights." *Morales v. U.S. Dist. Court for Southern Dist. of Florida*, 580 F. App'x 881, 886 (11th Cir. 2014) (citing *Alexander v. Sandoval*,

1

532 U.S. 275, 286, 289 (2001)). "And Congress must 'display[ ] an intent to create not just a private right but also a private remedy." *Id.* (citing *Alexander*, 532 U.S. at 286).

The court in *Morales* held that there is no "rights-creating" language in § 3332(a), and even if the language "arguably implies some potential duty owed on the part of the U.S. Attorney to present information to a special grand jury, that is not a duty owed to Morales individually." *Id.* (citing *Alexander*, 532 U.S. at 289) ("Statutes that focus on the person regulated rather than the individuals protected create no implication of an intent to confer rights on a particular class of persons."); *see also Hantzis v. Grantland,* 772 F.Supp.2d 1, 3 (D. D.C. 2009) ("no private right of action is available" under § 3332(a)); *Lundy v. United States,* No. 07–1008, 2007 WL 4556702, at *2 (C.D. Ill. Dec. 21, 2007), *corrected on other grounds,* No. 07–1008, 2008 WL 2510172 (C.D. Ill. June 19, 2008) ("§ 3332(a) does not confer a private right of action"); *Bryant v. Fienberg,* No. 206–CV–13849, 2006 WL 2924744, at *2 (E.D. Mich. Oct. 10, 2006) (the "plaintiff does not have a private cause of action under 18 U.S.C. § 3332(a), the Special Grand Jury statute"); *see also Walters v. Vallani,* No. 2:09-CV-00505-KJD-GWF, 2010 WL 597086, at *7 (D. Nev. Feb.16, 2010) (decision regarding what charge to file or bring before a grand jury is that of the prosecutor, not the court); *Arnett v. Unknown*, No. CV 11-5896-JAK(E), 2011 WL 4346329, at *6 (C.D. Cal. Aug. 23, 2011) ("Section 3332(a) contains no "clear and unambiguous" statement conferring a private right of action on an individual to present evidence to a special grand jury or to compel a United States Attorney to do so").

The Court dismissed this case on September 17, 2019 (Docs. 9 and 10) because Plaintiff's Response failed to address any of the deficiencies set forth in the MOSC. On November 10, 2020, plaintiff filed the present motion.

Under Rule 60(b)(4) of the Federal Rules of Civil Procedure, a court may grant relief from judgment if the judgment is void.  A judgment is void under this provision "only in the rare instance were [the] judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard."  *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

In this case, the dismissal was entered after Plaintiff failed to show good cause why it should not be dismissed for the reasons set forth in the MOSC.  This dismissal does not render the judgment void.

Plaintiff also seeks a writ of quo warranto.  Under 28 U.S.C. § 1651, the federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).  The remedy is extremely narrow, and the federal district courts do not have original jurisdiction to issue a writ of quo warranto; rather, the All Writs Act confers only ancillary jurisdiction where jurisdiction is otherwise lodged in the court.  *U.S. ex rel. State of Wis. v. First Federal Sav. and Loan Ass'n*, 248 F.2d 804 (7th Cir. 1957).  The Court has considered Plaintiff's request but finds no basis to grant the writ he seeks.  Plaintiff's remedy to challenge the dismissal of his action was by an appeal.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for writ of void judgment or writ of quo warranto (Doc. 12) is **denied.**

**IT IS SO ORDERED**.

**Dated November 16, 2020, in Topeka, Kansas.**

**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**